UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GREG TOLAR, REID TOLAR, and ANDREW TOLAR,** | } } } } |
| Plaintiffs, | } } |
| v. | } } Case No.: 2:13-cv-00132-JEO } |
| **BRADLEY ARANT BOULT CUMMINGS LLP, CONRAD TAYLOR, MARION BANK AND TRUST,** | } } } } } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the Court on motions to dismiss the plaintiffs' Title VII third-party retaliation claims. The case is assigned to Chief Magistrate Judge Ott. This is the case's second trip to the district court for review of a report and recommendation concerning motions to dismiss. (Docs. 25, 26, 33, 34).

The defendants' initial motions to dismiss eliminated the plaintiffs' state law claims from this federal action. When it filed its first motion to dismiss, defendant Marion Bank and Trust either strategically or inadvertently omitted arguments regarding plaintiff Greg Tolar's Title VII claim against the Bank. The Bank

1

presents those arguments in its second motion to dismiss. After the Bank filed its second motion to dismiss, the law firm defendant, Bradley Arant Boult Cummings, LLP, followed suit and moved for dismissal of all three of the plaintiffs' Title VII claims against the firm, even though the firm already had filed an answer to those claims. (Docs. 9, 12, 27, 29).

For the reasons stated below, the Court dismisses the plaintiffs' Title VII claims against Bradley Arant and returns Greg Tolar's Title VII claim against the Bank to Judge Ott for further proceedings.[1]

## PROCEDURAL BACKGROUND

In his report and recommendation, Chief Magistrate Judge Ott described the unusual procedural posture of this case. (Doc. 34, pp. 6-7). Plaintiffs Greg Tolar, Reid Tolar, and Andrew Tolar filed their lawsuit on January 8, 2013. (Doc. 1). In

---

[1] The Bank's second motion to dismiss addresses only Greg Tolar's retaliation claim. (Doc. 29). The motion does not challenge Andrew Tolar's or Reid Tolar's Title VII retaliation claims against the Bank. The Bank has indicated that it believes that the Court essentially dismissed Andrew Tolar's and Reid Tolar's Title VII retaliation claims because those claims are barred by the litigation privilege that led to the dismissal of the Tolars' state law claims. (Doc. 29, p. 1, n. 1; *see also* Doc. 32, p. 4, n. 1). In its first motion, the Bank did not ask the Court to dismiss the plaintiffs' Title VII claims on the basis of the litigation privilege. (Doc. 13). In his first report and recommendation, Judge Ott discussed the litigation privilege only in the context of the plaintiffs' state law claims. (Doc. 25, pp. 28-51). Judge Ott unambiguously recommended that the Court deny the Bank's first motion to dismiss "as it relates to the Plaintiffs' Title VII retaliation claims against the Bank." (Doc. 25, p. 28). This Court accepted Judge Ott's recommendation regarding the Bank's motion to dismiss the plaintiffs' Title VII claims. (Doc. 33, p. 1). Therefore, Andrew Tolar's and Reid Tolar's Title VII retaliation claims remain pending. The Bank suggests that the Court should *sua sponte* enter judgment as a matter of law in favor of the Bank on Andrew Tolar's and Reid Tolar's Title VII retaliation claims in the "interest[] of judicial economy." (Doc. 37, p. 8). The Court declines the invitation.

their complaint, the Tolars asserted Title VII retaliation claims and state law claims against the Bank; Conrad Taylor, the Bank's manager and president; and Bradley Arant, a law firm that represents the Bank. On April 23, 2013, Bradley Arant filed a Rule 12(b)(6) motion to dismiss the plaintiffs' state law claims. (Doc. 7). On the same day, Bradley Arant filed an answer to the plaintiffs' Title VII claims. (Doc. 9). One day later, the Bank and Mr. Taylor filed a Rule 12(b)(6) motion to dismiss all of the plaintiffs' claims. (Doc. 12).

On March 31, 2014, Judge Ott entered a report addressing the defendants' motions to dismiss and Bradley Arant's motion to strike certain paragraphs of the plaintiffs' complaint. (Doc. 25). Judge Ott recommended that the Court deny Bradley Arant's motion to strike and grant Bradley Arant's motion to dismiss the plaintiffs' state law claims. (Doc. 25, p. 51). Judge Ott also recommended that the Court grant the Bank and Mr. Taylor's motion as to the plaintiffs' state law claims and grant Mr. Taylor's motion concerning the plaintiffs' Title VII claims. Judge Ott recommended that the Court deny the Bank's motion to dismiss the plaintiffs' Title VII claims. (Doc. 25, p. 51). No party filed objections to Judge Ott's March 31, 2014 report and recommendation.

On April 17, 2014, the Clerk randomly assigned Judge Ott's March 31, 2014 report and recommendation to the undersigned for review. (Doc. 26; *see also* April

3

17, 2014 staff note). Four days later, before the district court entered an order concerning Judge Ott's first report and recommendation, Bradley Arant filed a second Rule 12(b)(6) motion. In the new motion, Bradley Arant asked the Court to dismiss all three plaintiffs' Title VII retaliation claims. (Doc. 27). A few weeks later, the Bank filed a second 12(b)(6) motion to dismiss Greg Tolar's Title VII retaliation claim. (Doc. 29).

On August 11, 2014, the undersigned entered an order adopting Judge Ott's first report and recommendation, with the exception of one footnote. (Doc. 33, p. 1). The Court dismissed the plaintiffs' state law claims without prejudice. (Doc. 33, pp. 1-2).[2]

On November 18, 2014, Judge Ott issued a report and recommendation regarding the second round of motions to dismiss. (Doc. 34). Judge Ott recommended that the Court dismiss plaintiff Greg Tolar's retaliation claim against the Bank. He also recommended that the Court treat Bradley Arant's Rule 12(b)(6) motion to dismiss the plaintiffs' Title VII claims as a Rule 12(c) motion for judgment on the pleadings and grant the motion. (Doc. 34, pp. 12-44).

---

[2] In its order adopting Judge Ott's first report, the Court did not specifically dismiss the plaintiffs' Title VII claims against Mr. Taylor; however, the Court accepted Judge Ott's recommendation that the Court dismiss as abandoned any Title VII claims against Mr. Taylor individually. (*See* Docs. 32, 33). The Court dismisses with prejudice the plaintiffs' Title VII individual capacity claims against Mr. Taylor as abandoned because the plaintiffs concede that they are not asserting Title VII claims against Mr. Taylor individually. (Doc. 20, p. 3; *see also* Doc. 25, p. 13).

The plaintiffs filed objections to Judge Ott's second report and recommendation. (Doc. 35). The Bank and Bradley Arant filed responses to the plaintiffs' objections. (Docs. 37, 38). Because the parties have not consented unanimously to dispositive jurisdiction by a magistrate judge, Judge Ott's second report and recommendation and the plaintiffs' objections are before the undersigned district judge for review.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

**DISCUSSION**

The plaintiffs have lodged four objections to Judge Ott's second report and recommendation. First, the plaintiffs object to Judge Ott's recommendation that the Court enter judgment for Bradley Arant on the plaintiffs' Title VII claims. Second, the plaintiffs object to Judge Ott's recommendation that the Court dismiss Greg Tolar's Title VII claim. (Doc. 35, p. 1). Third, the plaintiffs object to Judge Ott's decision to permit the defendants to file multiple motions to dismiss. (Doc. 35, p.

5

1). Fourth, the plaintiffs object to Judge Ott's decision to rule on the Bank's motion without first allowing the parties to conduct discovery. (Doc. 35, p. 2). Because the Court will allow Greg Tolar's Title VII claim to go forward, the fourth objection is moot. The Court considers the other objections in order.

### 1.   The Plaintiffs' Title VII Retaliation Claim against Bradley Arant.

Based on its *de novo* review, the Court adopts Judge Ott's analysis regarding the plaintiffs' Title VII retaliation claims against Bradley Arant. As Judge Ott explained, binding precedent prevents the plaintiffs from asserting a Title VII claim against Bradley Arant because neither Ragan Tolar, the victim of Mr. Taylor's alleged conduct, nor the plaintiffs were employees or prospective employees of Bradley Arant. (*See* Doc. 34, pp. 12-15) (citing *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011) and *Underwood v. Dep't of Financial Servs. State of Fla.*, 518 Fed. Appx. 637 (11th Cir. 2013)). Accordingly, the Court overrules the plaintiffs' objection related to Judge Ott's recommendation regarding the plaintiffs' Title VII retaliation claims against Bradley Arant.

### 2.   Greg Tolar's Title VII Retaliation Claim against the Bank.

In his second report and recommendation, Chief Magistrate Judge Ott examined examples of retaliatory conduct that Greg Tolar identified in his complaint and explained why the identified action individually was lawful. Judge

Ott considered separately the Bank's decision to stop referring work to Greg Tolar and the Bank's pursuit of litigation against Greg Tolar because of his default on a loan from the Bank.  (Doc. 34, pp. 25-44).

The Tolar plaintiffs argue that the second report "focus[es] only on particular paragraphs of the Complaint" and fails to "view[] the Complaint in its entirety."  (Doc. 35, pp. 7, 9-10).  The plaintiffs cite paragraphs of the complaint that the report does not address and quote a host of paragraphs that articulate the plaintiffs' theory that the Bank took "numerous adverse actions" against members of Ragan Livingston's family, including her father, Greg Tolar, because Ragan engaged in protected activity.  (Doc. 35, pp. 8-9).[3]  The plaintiffs contend that the Court must consider the entirety of the Bank's conduct, including the plaintiffs' allegations that the Bank and BABC interfered with Greg's bankruptcy, discouraged third parties from using Greg Tolar's services, and sued not only Greg Tolar but also Reid Tolar and Andy Tolar for fraud.  (Doc. 35, p. 11).  The plaintiffs explain that the allegations of retaliation that pertain to Greg Tolar appear in paragraphs 21 through 67 of the complaint.  (Doc. 35, p. 8).

---

[3] The plaintiffs contrast the second report and recommendation to the first which states: "'Plaintiffs assert that the Bank and Taylor took various actions against them, including the withholding of contract legal work from Greg, discouraging the use of his legal services by *third parties*, and pursuit of groundless legal action them, allegedly because of Plaintiff's familial relationship to Livingston, as a means by which to retaliate against her for having filed the *Livingston* Act and her associated EEOC charge.'"  (Doc. 35, p. 9) (quoting Doc. 25, p. 13) (emphasis added).

7

Based upon its *de novo* review of the record, including paragraphs 21 through 67 of the complaint, and its consideration of recent retaliation opinions from the Eleventh Circuit Court of Appeals, the Court sustains the plaintiffs' objection to the recommendation that the Court enter judgment in favor of the Bank on Greg Tolar's retaliation claim. As stated in the report, to prevail on a Title VII retaliation claim, a plaintiff must plead and prove that (1) a present or former employee engaged in protected activity; (2) that the defendant employer took adverse action against the employee or a close relation of the employee that would dissuade a reasonable worker from engaging in protected activity; and (3) that the adverse action would not have occurred in the absence of the protected activity. (Doc. 34, p. 24) (citations omitted); *see also Smith v. City of New Smyrna Beach*, 588 Fed. Appx. 965, 981 (11th Cir. 2014) (citing *Weeks v. Harden Mfg. Corp.*, 291 F. 3d 1307, 1311 (11th Cir. 2002)).

"The Supreme Court has noted that the significance of a retaliatory act depends on the context of the act, and a specific action may be materially adverse in some situations but immaterial in others." *Harris v. Florida Agency for Health Care Admin.*, 611 Fed. Appx. 949, 952 (11th Cir. 2015) (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006)). Moreover, the Eleventh Circuit has "observed that a set of actions may constitute an adverse

8

employment action when considered collectively, even though some actions do not rise to the level of an adverse employment action individually." *Id.* (citing *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)). And the Eleventh Circuit has said that *Burlington* "'strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered materially adverse to him.'" *Id.* (quoting *Crawford v. Carroll*, 529 F.3d 961, 973 n. 13 (11th Cir. 2008)).

Generally speaking, when, as here, a plaintiff relies on circumstantial evidence to establish retaliatory intent, a district court must employ the *McDonnell Douglas* analytical framework; however, as in any other Title VII case, "the *McDonnell–Douglas* 'framework is not, and never was intended to be, the sine qua non for a plaintiff to survive a summary judgment motion . . .'" *Perkins v. Kushla Water Dist.*, 21 F. Supp. 3d 1250, 1267 (S.D. Ala. May 14, 2014), *aff'd* 598 Fed. Appx. 899 (11th Cir. 2015) (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)). A plaintiff's retaliation claim may survive an employer's challenge on a motion to dismiss if the conduct described in the complaint, viewed in the light most favorable to the plaintiff, "presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Id.* (quoting *Lockheed-Martin*

9

*Corp.*, 644 F.3d at 1328). "Whatever form it takes, if the circumstantial evidence is sufficient to raise 'a reasonable inference that the employer [retaliated] against the plaintiff, [dismissal or] summary judgment is improper.'" *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1256 (11th Cir. 2012) (quoting *Lockheed-Martin Corp.*, 644 F.3d at 1328).

The Court finds that the plaintiffs' allegations that the Bank discouraged third parties from using Greg Tolar's services, interfered with Greg's bankruptcy, and sued not only Greg Tolar but also Reid Tolar and Andy Tolar for fraud, when considered collectively with the entirety of the allegations contained in the complaint, if proven, are sufficient to permit a reasonable inference that the Bank engaged in retaliatory conduct. Therefore, Greg Tolar may proceed with his Title VII retaliation claim against the Bank.

### 3. Multiple Motions to Dismiss

The Court finds no error in Judge Ott's decision to convert Bradley Arant's second Rule 12(b)(6) motion to a Rule 12(c) motion for judgment on the pleadings. The plaintiffs concede that a district court has discretion to construe an untimely Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c). *See* Doc. 34, p. 8; Doc. 28, p. 3). Therefore, the Court overrules the plaintiffs' objection that Judge Ott improperly considered Bradley Arant's successive motion

to dismiss.  *See Byren v. Nezhat*, 261 F.3d 1075, 1096 n. 46 (11th Cir. 2001), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 533 U.S. 639 (2008) (noting that a successive Rule 12(b)(6) motion is a nullity if filed after an answer but construing the successive Rule 12(b)(6) motion as one for judgment on the pleadings pursuant to Rule 12(c)); *Whitehurst v. Wal-Mart Stores East, LP*, 329 Fed. Appx. 206, 208 (11th Cir. 2008) ("A party's Rule 12(b)(6) motion to dismiss for failure to state a claim is a nullity if the party filed that motion after raising the defense for failure to state a claim in its answer. . . . But the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)).  The Court also overrules the plaintiffs' objection related to the Court's consideration of the Bank's second motion to dismiss because the argument is moot.

**CONCLUSION**

For the reasons discussed above, the Court adopts Judge Ott's report and accepts his recommendation that the Court dismiss with prejudice the plaintiffs' Title VII retaliation claims against Bradley Arant.  The Court returns Greg Tolar's Title VII retaliation claim against the Bank to Judge Ott for further proceedings consistent with this memorandum opinion.  Andrew Tolar's and Reid Tolar's Title VII retaliation claims against the Bank remain pending.

The Court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 16, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE